1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MICHAEL A.W. BJORLIN,

11           Petitioner,                    No. CIV S-05-2095 GEB DAD P

12       vs.

13   CALIFORNIA STATE GOVERNOR
     SCHWARZENEGGER, et al.,

14
             Respondents.              ORDER

15   _____/

16           Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of

17   habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma

18   pauperis.  Petitioner has paid the required filing fee.

19           Examination of petitioner's in forma pauperis application reveals that petitioner is

20   unable to afford the costs of suit.  Accordingly, petitioner's application to proceed in forma

21   pauperis will be granted.  See 28 U.S.C. § 1915(a).

22           Although petitioner alleges facts concerning his 1990 conviction of attempted

23   murder, his petition concerns a Board of Prison Terms decision to deny parole.  Exhibits to the

24   petition reveal that petitioner is attacking the Board's decision on March 2, 2005.  In a previously

25   filed action, case No. CIV S-05-1520 FCD GGH P, petitioner is attacking the Board's decision to

26   deny parole on October 7, 2003.  The Honorable Gregory G. Hollows has considered petitioner's

1

1  notice of related cases and has determined that it is inappropriate to relate or reassign the two

2  cases.

3          Petitioner has requested appointment of the Federal Defender's Office in this case.

4  There currently exists no absolute right to appointment of counsel in habeas proceedings.  See

5  Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996).  However, counsel may be appointed at

6  any stage of such proceedings "if the interests of justice so require."  18 U.S.C. § 3006A.  See

7  also Rule 8(c), Fed. R. Governing § 2254 Cases.  The court does not find that the interests of

8  justice require appointment of counsel in this case at the present time.

9          The court finds that petitioner may be entitled to relief if the claimed violations of

10  constitutional rights are proved.  Respondents will therefore be directed to file a response to the

11  petition.

12          Accordingly, IT IS HEREBY ORDERED that:

13          1.  Petitioner's October 19, 2005 application to proceed in forma pauperis is

14  granted;

15          2.  Petitioner's October 19, 2005 motion for appointment of counsel is denied;

16          3.  Respondents are directed to file a response to petitioner's habeas petition

17  within thirty days from the date of this order.  See Rule 4, Fed. R. Governing § 2254 Cases.  An

18  answer shall be accompanied by all transcripts and other documents relevant to the issues

19  presented in the petition.  See Rule 5, Fed. R. Governing § 2254 Cases;

20          4.  If the response to the habeas petition is an answer, petitioner's reply, if any,

21  shall be filed and served within thirty days after service of the answer;

22          5.  If the response to the habeas petition is a motion, petitioner's opposition or

23  statement of non-opposition to the motion shall be filed and served within thirty days after

24  service of the motion, and respondents' reply, if any, shall be filed and served within fifteen days

25  thereafter; and

26  /////

1          6.  The Clerk of the Court shall serve a copy of this order together with a copy of

2  the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on Jennifer A. Neill, Lead

3  Supervising Deputy Attorney General.

4  DATED: November 4, 2005.

5

6                         DALE A. DROZD
                            UNITED STATES MAGISTRATE JUDGE

7  DAD:13:bb
    bjor2095.100

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26