1

2

3

4

5

6

7

8                       IN THE UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10    MICHAEL A.W. BJORLIN,

11            Petitioner,                        No. CIV S-05-2095 GEB DAD P

12        vs.

13    CALIFORNIA STATE GOVERNOR
      SCHWARZENEGGER, et al.,

14
              Respondents.              ORDER

15    _____/

16            Petitioner is a state prisoner proceeding pro se with an application for a writ of

17    habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner is challenging the March 2, 2005

18    decision of the California Board of Parole Hearings[1] finding him unsuitable for parole and

19    denying him a parole date.  The matter is before the court on respondents' motion to dismiss the

20    petition on the ground that this court lacks jurisdiction over the subject matter of the action.

21            Respondents assert that there is no state-created federal liberty interest in a grant

22    of parole.  Respondents rely on Sass v. California Board of Prison Terms, 376 F. Supp. 2d 975

23    (E.D. Cal. 2005), in which the district court held that California prisoners do not have a liberty

24    _____

25            [1] Effective July 1, 2005, California's Board of Prison Terms was abolished and replaced with
      the Board of Parole Hearings.  Cal. Penal Code § 5075(a) (West 2006) ("As of July 1, 2005, any
26    reference to the Board of Prison Terms . . . refers to the Board of Parole Hearings.").

1    interest in parole.  The Ninth Circuit has ruled that the district court's holding in <u>Sass</u> was based

2    on a misreading of <u>In re Dannenberg</u>, 34 Cal. 4th 1061 (2005).  <u>Sass v. California Board of</u>

3    <u>Prison Terms</u>, ___ F.3d ___, No. 05-16455, 2006 WL 2506393, at *3 (9th Cir. Aug. 31, 2006).

4    The Ninth Circuit concluded that "<u>Dannenberg</u> does not explicitly or implicitly hold that there is

5    no constitutionally protected liberty interest in parole."  <u>Id.</u>  Accordingly, "California inmates

6    continue to have a liberty interest in parole after <u>In re Dannenberg</u>."  <u>Id.</u> at *1.  Under clearly

7    established Supreme Court authority, "'California's parole scheme gives rise to a cognizable

8    liberty interest in release on parole.'"  <u>Id.</u> at *3 (quoting <u>McQuillion v. Duncan</u>, 306 F.3d 895,

9    902 (9th Cir. 2002)).  The liberty interest exists even for prisoners who have not already been

10   granted a parole date.  <u>Id.</u> (citing <u>Biggs v. Terhune</u>, 334 F.3d 910, 915 (9th Cir. 2003)).

11              In light of the Ninth Circuit's holding in <u>Sass</u>, IT IS HEREBY ORDERED that:

12              1.  Respondents' November 21, 2005 motion to dismiss is denied;

13              2.  Respondents shall file and serve a new response to petitioner's habeas petition

14   within thirty days after this order is filed.  <u>See</u> Rule 4, Fed. R. Governing § 2254 Cases.  An

15   answer to the petition shall be accompanied by all transcripts and other documents relevant to the

16   issues presented in the habeas petition.  <u>See</u> Rule 5, Fed. R. Governing § 2254 Cases;

17              3.  If the response to petitioner's habeas petition is an answer, petitioner's reply, if

18   any, shall be filed and served within thirty days after the answer is served; and

19              4.  If the response to petitioner's habeas petition is a motion, petitioner's

20   opposition or statement of non-opposition to the motion shall be filed and served within thirty

21   days after the motion is served, and respondents' reply, if any, shall be filed and served within

22   fifteen days after petitioner's opposition is served.

23   DATED: September 1, 2006.

24

25                                                                    _____
                                                                      DALE A. DROZD
26   DAD:13                                                           UNITED STATES MAGISTRATE JUDGE
     bjor2095.sassmtd

                                                 2